IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | ID No. 1606007067 |
| v. | : | In and For Kent County |
| | : | |
| JOHAN RODRIGUEZ, | : | |
| | : | |
| Defendant. | : | |

*Submitted: October 25, 2016*
*Decided: December 21, 2016*

*Upon Consideration of Defendant's*
*Motion to Suppress*
GRANTED

**ORDER**

Gregory R. Babowal, Esquire, Deputy Attorney General, Department of Justice, Dover, Delaware for the State of Delaware.

Anthony J. Capone, Office of the Public Defender, Dover, Delaware for Defendant.

Young, J.

## SUMMARY

Defendant moves to suppress any and all evidence obtained as a result of violations of Defendant's constitutional rights against unlawful search and seizure on June 9, 2016. Defendant argues that, contrary to the informant's tip on which the officer relied, no outstanding warrant on Defendant existed. Because of that defect, then, the police officer did not have probable cause to make an arrest. Since the warrant for Defendant's arrest was invalid, the informant's tip could not support a probable cause finding. Delaware law requires information garnered as a result of an illegal arrest to be suppressed. Therefore, Defendant's Motion to Suppress is **GRANTED**.

## FACTS AND PROCEDURES

Defendant, Johan Rodriguez, was arrested on June 9, 2016. According to Officer James Johnson's testimony, he received information from an informant, about a week before the arrest, indicating that Defendant was attempting to hide from Probation and Parole. The State claims that this informant was past proven and reliable. On June 9, 2016, the informant described the Defendant's apparel, indicated his whereabouts, and told police that Defendant was in possession of controlled substances. Officer Johnson testified that he then verified the outstanding warrant for Defendant's arrest. He also testified that Defendant was located in the described area, wearing apparel similar to that portrayed by the informant. On that information, Dover Police arrested Defendant. After Defendant was arrested, he allegedly made incriminatory statements. The State also asserts that Defendant possessed 2.1 grams of crack cocaine and .96 grams of heroin.

Defendant alleges that there was not a valid warrant for his arrest, because the only outstanding warrant for arrest had been cleared on May 23, 2016.

Following this arrest, Defendant was charged with two counts of drug dealing and one count of possession of drug paraphernalia. He filed this Motion to Suppress on October 5, 2016.

## DISCUSSION

### A. Probable Cause to Arrest

The arresting officer did not have probable cause sufficient to arrest the Defendant. The warrant for Defendant's arrest was invalid, and the informant's tip could not support a probable cause finding. A police officer may arrest a person if he has probable cause to do so.[1] Probable cause exists where the facts and circumstances within the arresting officer's knowledge, based upon trustworthy information, are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been committed.[2] There need only be a fair probability of criminal activity to satisfy the probable cause standard.[3]

In *Whiteley v. Warden, Wyoming State Penitentiary*, the United States Supreme Court determined that probable cause does not exist when an officer bases a decision

---

[1] U.S. Const. Amend. IV; Del. Const. Art. 1, § 6; *Stafford v. State*, 59 A.3d 1223, 1228-29 (Del. Dec. 4, 2012).

[2] *Stafford* at 1229.

[3] *Id.*

to arrest on an invalid warrant.[4] In *Whiteley*, a warrant was based on a complaint that did not contain enough information for a disinterested magistrate to find that there was probable cause.[5] The officer who created the complaint, and obtained the warrant, put out a radio message asking other officers in the state to watch for the suspect.[6] An officer in another town arrested the suspect under the impression that there was a valid warrant for the suspect's arrest.[7] The Supreme Court held that the original officer's radio report did not provide the arresting officer with probable cause.[8]

Similar to the arresting officer in *Whiteley*, the arresting officer in this case cannot rely on a warrant erroneously issued by an entity to obtain probable cause. The arresting officer in this case, just as the arresting officer in *Whiteley*, relied on representations leading to his belief that there was a valid warrant issued for the Defendant's arrest. Similar to *Whiteley*, the warrant in this case was not valid. Therefore, an arrest based on this invalid warrant lacks probable cause.

The informant's tip does not provide a sufficient basis upon which to base a probable cause finding either. This Court uses a totality of the circumstances test to determine if there is probable cause under circumstances in which an officer relies on

---

[4] *See also Berg v. County of Allegheny*, 219 F.3d 261, 269-70 (3rd Cir. July 17, 2000) ("The Supreme Court's decision in *Whiteley v. Warden* as well as our own subsequent decisions make clear that an erroneously issued warrant cannot provide probable cause for an arrest.").

[5] *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 563 (Mar. 29, 1971).

[6] *Id.* at 563-64.

[7] *Id.* at 563.

[8] *Id.* at 568.

a tip.[9] Some of the factors examined in the totality of the circumstances test are the reliability of the informant, the details contained in the informant's tip, and the degree to which the tip is corroborated by independent police work.[10] "If an informant's tip is sufficiently corroborated by independent police work, the tip may form the basis for probable cause even though nothing is known about the informant's credibility."[11]

Probable cause exists where a known informant's information is partially corroborated, detailed, and in reference to future occurrences. In *Henry v. State*, an informant, known to one of the officers involved in an investigation, asserted that a person would go from Middletown to Philadelphia to purchase cocaine.[12] The informant also described the car the person would ride in, the route he would take, and the race of one of the other passengers.[13] Officers corroborated much of the information that the informant gave them.[14] After pulling the vehicle over, when it returned to Delaware from Philadelphia, the officers arrested the vehicle's occupants.[15] The Delaware Supreme Court held that there was probable cause to arrest the vehicle's occupants, since the known informant's tip, regarding future

---

[9] *State v. Holden*, 60 A.3d 1110, 1114 (Del. Feb 5, 2013).

[10] *LeGrande v. State*, 947 A.2d 1103, 1108 (Del. Apr. 22, 2008).

[11] *Id.*

[12] *Henry v. State*, 588 A.2d 1142, at *1 (Del. Jan. 15, 1991) (TABLE).

[13] *Id.*

[14] *Id.* at *2.

[15] *Id.* at *1.

information, was corroborated by the police.[16]

Unlike *Henry*, the officer in the case at bar did not have probable cause to arrest in this case. Similar to *Henry*, the informant in this case was known to the officers, and the officers corroborated portions of the informant's information. However, in this case the informant's tip only contained Defendant's location and his appearance. This is far different from the amount of detail involved in the tip in *Henry*.

**B.     Under the Delaware Constitution, Evidence Arising as a Result of an Illegal Arrest Must Be Suppressed**

In *Dorsey v. State*, the Delaware Supreme Court held that the appropriate remedy for violations of the search and seizure provisions of the Delaware Constitution was exclusion of evidence obtained as a result of the illegal search or seizure. In this case, as discussed above, the arrest violated Delaware's constitutional guarantees against unreasonable searches and seizures. Thus, any evidence obtained as a result of the illegal arrest should be suppressed.

**CONCLUSION**

The officer did not have probable cause to make an arrest because the warrant was invalid, and the informant's tip did not provide sufficient detail. The remedy for violations of the Delaware Constitution's search and seizure provision is suppression. Therefore, Defendant's Motion to Suppress is **GRANTED**

---

[16] *Id.* at *2.

*State v. Rodriguez*
ID No.: 1606007067
December 21, 2016

   **SO ORDERED** this 21st day of December, 2016.


         <u> /s/ Robert B. Young   </u>
               J.

RBY/lmc
oc: Prothonotary
cc: Counsel
   Opinion Distribution